UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| KIMBER LEANN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 17-210-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment. Plaintiff Kimber Leann Williams contends the administrative law judge ("ALJ") assigned to her case erred by denying her claim for disability income benefits ("DIB"). [Record No. 11] She asks the Court to direct a finding of disability or, alternatively, remand the matter for further administrative proceedings. Defendant Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner") argues that the ALJ's decision is supported by substantial evidence and should be affirmed. [Record No. 13] For the reasons that follow, the Commissioner's motion will be granted. The relief Williams seeks will be denied.

**I.**

Williams filed an application for a period of disability and DIB under Title II of the Social Security Act ("the Act") in January 2015. [Administrative Transcript, hereafter, "Tr.,"

156] She alleged a disability as of December 3, 2014.[1] [Tr. 20] The Social Security Administration ("SSA") denied her application initially and upon reconsideration. [Tr. 81, 82] Williams then pursued and exhausted her administrative remedies. The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

Williams was 56 years-old at the time of the ALJ's decision. [Tr. 35] She has a high school education in addition to some transcription courses after high school. Williams has primarily worked as a medical transcriptionist, in medical registration, and as a receptionist over a period of 16 years. [Tr. 36-40] She reported in her application for benefits that she is unable to work due to osteoarthritis, gout, and hypertension. [Tr. 184] Williams contends that she suffers from osteoarthritis and rheumatoid arthritis effecting her hands, hips, and knees. [Tr. 41]

William was treated by nurse practitioner Jessica Sexton, FNP, of Mountain People's Health Counsels, Inc., in February 2015. [Tr. 344] Sexton noted that Williams was slow to change positions, but presented with a steady gait. [Tr. 349] Additionally, she reported that Williams complained of generalized arthritic pain and multiple joint pain with increased pain and decreased strength in her hands. No nodes were noted and her strength was documented as 4/5 bilaterally. *Id*. Williams also presented with bilateral hip pain with any range of motion. *Id*. X-rays taken of Williams' hip revealed some bony irregularities suggesting a prior fracture; however, the area was not optimally evaluated. [Tr. 352] The images also suggested findings

---

[1] During the administrative hearing held on March 23, 2016, Williams amended her alleged disability onset date to December 3, 2014, due to a previous ALJ's denial of benefits on December 2, 2014. *See* Tr. 54.

of mild to moderate degenerative arthroplasty involving the bilateral hip joints. *Id*. A MRI taken of the hip area showed normal examination bilaterally. [Tr. 354]

Sexton treated Williams again in July and December 2015. [Tr. 364, 356] Once again, Sexton noted that Williams was slow to change positions, but presented with a steady gait. [Tr. 369, 361] Again, she reported that Williams complained of generalized arthritis pain and multiple joint pain with increased pain and decreased strength in her hands, but no nodes were noted and her strength was documented as 4/5 bilaterally. [Tr. 369, 362] Williams also presented with bilateral hip pain with any range of motion. [Tr. 369, 362]

Williams was treated by Scott Lewis, D.O., of Lake Cumberland Rheumatology throughout 2015 and 2016. The severity of the problem was documented as mild during Williams' office visit in May 2015. [Tr. 389] Activity of the 2nd and 4th metacarpal was noted as tender and swollen bilaterally, muscle strength was 5/5 and Williams had bilateral knee crepitus. [Tr. 390] However, laboratory reports were negative for rheumatoid arthritis. [Tr. 391] On examination in July 2015, Williams presented with degenerative changes of the DIPs and PIPs in her hands bilaterally, in addition to squaring of the 1st CMC bilaterally. [Tr. 387] She was also observed to have right knee bony proliferation and left knee crepitus. *Id*. The severity of the problem was listed as moderate. [Tr. 386]

The severity of the problem was again documented as mild during her visit to Lewis in October 2015. [Tr. 382] Lewis indicated the same findings regarding the degenerative changes in Williams' hands and the examination findings of her knees. [Tr. 384] A lumbar spine x-ray showed L2-3 osteophytes, L4-5 osteophytes and mild scoliosis. [Tr. 382] Lewis diagnosed Williams with low back pain due to degenerative disc disease. [Tr. 385]

Williams was examined again in January 2016, at which point the severity of the problem was again listed as mild. [Tr. 379] Williams noted increased hip pain during this visit, but no other significant changes. *Id.* Lewis reported the same clinical findings of Williams' hands and knees as the two previous visits. [Tr. 380]

William received physical therapy at Southfork Physical Therapy during November 2015. [Tr. 392-424] At the time of her discharge, Williams reported that her lower back was doing much better, that she felt her back was "about 95% better" since starting physical therapy, and that she was ready to be discharged to a home exercise program. [Tr. 392] Her physical therapist noted that Williams no longer gives subjective reports of significant pain and her lumbar active range of motion had improved somewhat, but still remained deficient. [Tr. 393] All of Williams' short term goals were met, but she was still progressing in meeting her long term goals. [Tr. 394]

ALJ Todd Spangler determined that Williams' was not disabled in December 2014, despite a finding of a severe impairment of osteoarthritis. [Tr. 59, 61] He determined that the impairment did not meet or medically equal a listed impairment. [Tr. 62] Considering the evidence of record and Williams' testimony, the ALJ concluded that that she had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b) except the claimant was unable to climb ladders, ropes, or scaffolds; and could frequently stoop, kneel, crouch or crawl. [Tr. 24] [Tr. 63] The ALJ ultimately found that Williams was capable of performing her past relevant work as a transcriptionist, receptionist, and emergency room admission clerk, because that work did not require the performance of activities precluded by her RFC. [Tr. 64] Thus, he concluded that she had not been under a disability from April 13, 2012, through the date of the his decision. [Tr. 64]

State agency physician Diosdado Irlandez, M.D., reviewed Williams' file in March 2015, and concluded that Williams' statements regarding the severity of her symptoms were only partially credible because they were not consistent with the objective evidence. [Tr. 90] Additionally because there were no apparent changes in Williams' medical impairments or functioning, he adopted the RFC finding of ALJ Spangler. [Tr. 91]

Williams testified during the administrative hearing before ALJ Donald Rising that she has not been able to work due to pain in her hands, knees, and hip. [Tr. 41] She claimed that her pain medication has been effective, but her arthritic pain was getting worse and she was required to take more medication. [Tr. 43] According to Williams, her medical conditions were worse than they were a year and a half earlier. Specifically, her hand strength was worse, the pain in her hips had increased, and she had less range of motion in her hips and knees.

ALJ Rising also concluded that Williams was not disabled in May 2016. [Tr. 20] The ALJ first determined that the principles of *Drummond/Dennard* applied after finding that there were no "new or material" evidence submitted showing changes in Williams' condition since ALJ Spangler issued his decision in December 2014. [Tr. 20] ALJ Rising concluded that Williams had a severe impairment of osteoarthritis. [Tr. 23] But considering ALJ Spangler's determination pursuant to *Drummond/*Dennard and the evidence of record along with Williams' testimony during the administrative hearing, ALJ Rising found that she had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except the claimant is unable to climb ladders, ropes, or scaffolds; and can frequently stoop, kneel, crouch or crawl. [Tr. 24]

The ALJ ultimately determined that Williams was capable of performing her past relevant work as a transcriptionist, receptionist, and emergency room admission clerk, because that work did not require the performance of activities precluded by her RFC. [Tr. 27] As a

result, ALJ Rising concluded that she had not been under a disability from December 3, 2014, through the date of his decision. [Tr. 27]

**II.**

A "disability" is defined under the Act as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruise v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007) (citing 42 U.S.C. § 423(d)(1)(A)). In determining whether a claimant is "disabled" and entitled to supplemental income, a claimant must first demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or a combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the claimant has a severe impairment but the Commissioner cannot make a determination of the disability based on medical evaluations and current work activity, the Commissioner will review the claimant's RFC and relevant past work to determine whether she can perform her past work. 20 C.F.R. § 404.1520(e). If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

If the claimant's impairments prevent her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work under the fifth step of the analysis. If she cannot perform other work, the

Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). "The Commissioner has the burden of proof only on 'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

A court reviewing a denial of Social Security benefits must only determine whether the ALJ's findings were supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is such relevant evidence as reasonable minds might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

## III.

Williams alleges that the ALJ erred by failing to find that she met the SSA grid rule 202.06 as of the amended onset date of December 3, 2014. [Record No. 11-1, p. 7] This argument fails to take into consideration that the ALJ is not required to continue to the fifth step of the sequential evaluation, where the SSA grid rules may come into play. The SSA grid rules (located at 20 C.F.R. § 40, Subpart P, Appendix 2) apply where the claimant has a severe medically determinable physical or mental impairments, is not engaging in substantial gainful activity, and the claimant's impairments prevents the performance of vocationally relevant past work. *See* 20 C.F.R. § 404, Subpt. P, App. 2, 200.00. Here, while the ALJ determined that Williams suffers from a severe impairment and is not engaging in substantial gainful activity, he concluded that Williams is capable of performing past relevant work. Thus, the SSA grids do not apply. *See* 20 C.F.R. § 404.1520(f); 20 C.F.R. § 404, Subpt. P, App. 2, 200.00.

Williams next contends that the ALJ's credibility determination is not supported by substantial evidence. Specifically, she asserts that the ALJ failed to properly evaluate her alleged subjective complaints of pain and that, as a result, the ALJ improperly concluded that she was not disabled. An ALJ may consider the credibility of the claimant when evaluating subjective complaints. *See* Cruise *v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) ("[a]n ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."). The ALJ's determinations regarding a claimant's credibility are accorded significant deference "since the ALJ is charged with observing the claimant's demeanor and credibility." *Id.* (citation omitted). These findings will be upheld if they are supported by substantial evidence. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. 2012).

The ALJ determined that Williams' claims regarding the intensity, persistence, and limiting effects of her symptoms were not credible. This finding is supported by substantial evidence. The medical records demonstrate that Williams' medical issues were mild to moderate. [Tr. 379, 382, 386] Additionally, the medical records demonstrate that Williams' labs were negative for rheumatoid arthritis. [Tr. 391] Williams' hands often presented with no nodes and 4/5 strength bilaterally. [Tr. 349, 369, 362] And medical records show that her gait was consistently steady and normal. [Tr. 349, 361, 369, 381, 384, 388] During visits with Dr. Lewis, Williams' shoulders, elbows, hips, and feet showed no signs of tenderness, swelling, effusion or limitation to range of motion. [Tr. 381, 384, 388] Further, medical records indicate that her arthritis was stable with medication. [Tr. 381, 385, 388]

Williams' inconsistent statements regarding her daily activities also support the ALJ's conclusion that she was capable of performing light work, and undermine her assertions that

the claimant is disabled. Williams reported that she is able to shop for groceries, attend weekly church services, visit relatives and friends, fix food for herself, dust and mop occasionally, watch movies, and take care of her personal needs. [Tr. 46, 200-01]

Williams also makes the conclusory assertion that the ALJ's determination is not supported by substantial evidence. But she makes no attempt to expand on this argument, other than to recite the standard of review and to reiterate that she suffers from a long list of medical ailments. Accordingly, this issue is waived. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). But even if the substantial evidence argument had been properly raised, it would fail as meritless. For the reasons previously discussed, substantial evidence supports the ALJ's determination. The ALJ thoroughly considered and discussed each of Williams' conditions, and reasoned that they did not prevent her from being able to perform light work with some added limitations. This conclusion is supported by the previously-discussed medical record and Williams' own report of her daily activities. Williams fails to identify any portion of the record that would establish that she is unable to perform light work.

**IV.**

The ALJ did not fail to apply the SSA grid rules. Also, his credibility determination is supported by substantial evidence. Likewise, the ALJ's determination that Williams is not disabled is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. The Commissioner's Motion for Summary Judgment [Record No. 13] is **GRANTED**.

2. The plaintiff's motion for Summary Judgment [Record No. 11] is **DENIED**.

This 23rd day of February, 2018.

Signed By:
*Danny C. Reeves* DCR
United States District Judge